UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20861-CIV-ALTONAGA/Damian

**AVROHAM BRASHEVITSKY**, *et al.*,

    Plaintiffs,
v.

**COVANTA HOLDING CORPORATION**, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On March 3, 2023, Plaintiffs, who seek to represent a class of similarly situated individuals under Federal Rule of Civil Procedure 23, filed a Complaint [ECF No. 1] alleging eight claims for relief. (*See id.* ¶¶ 84–155). Because the Complaint does not sufficiently allege subject-matter jurisdiction, it is due to be dismissed. The Court explains.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Put differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case, and [it] should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (alteration added; citation omitted).

The Complaint alleges that the Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1132(d), because Plaintiffs represent similarly situated individuals; the amount

in controversy exceeds $5,000,000; and there is minimal diversity of citizenship between Plaintiffs, the proposed class, and Defendants. (*See* Compl. ¶¶ 4–8). "The minimal diversity requirement is met when one or more plaintiffs is a citizen of a different state than one or more defendants." *Galstaldi v. Sunvest Communities USA, LLC*, 256 F.R.D. 673, 675 (S.D. Fla. 2009) (citations and quotation marks omitted). In other words, at least one "member of the plaintiff class [must be] diverse from any defendant[.]" *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007) (alteration added; citing 28 U.S.C. § 1332(d)(2)). And to establish diversity jurisdiction at the pleading stage, a party must specifically and unequivocally allege the parties' states of citizenship. *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009); *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979).

The Complaint sufficiently alleges the Florida citizenship of each of the three named Plaintiffs. (*See* Compl. ¶¶ 1–3). But because Plaintiffs do not sufficiently allege the citizenship of any of the four Defendants, the Court is unable to determine whether it possesses subject matter jurisdiction under section 1332(d).

First, Plaintiffs do not disclose Defendant, Covanta Holding Corporation's ("Covanta Holding") citizenship. Plaintiffs allege that Covanta Holding "is a corporation formed under Delaware law domiciled in New Jersey, with a global headquarters located [in New Jersey]." (Compl. ¶ 4 (alteration added)). This is insufficient.

For purposes of diversity jurisdiction, section 1332 describes a corporation as "a citizen of every State . . . [where] it [is] incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332 (alterations added). Plaintiffs must therefore "affirmatively plead both [Covanta Holding's] state of incorporation and [its] principal place of business." *Amegy Bank*

*Nat. Ass'n v. Deutsche Bank Corp.*, No. 2:12-cv-243, 2012 WL 4466466, at *2 (M.D. Fla. Sept. 27, 2012) (alterations added; collecting cases). It is unclear from the Complaint whether Covanta Holding's "domicile" and/or "global headquarters" are its "principal place of business;" Plaintiffs must clarify.

The second Defendant, Covanta Dade Renewable Energy ("Covanta Dade"), "is a Florida limited liability company with its principal place of business in Florida[.]" (Compl. ¶ 5 (alteration added)). That information is irrelevant for the purposes of section 1332, because "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Consequently, "[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." *Id.* (alterations added). The Complaint does not identify a single member of Covanta Dade, let alone the citizenships of those members. (*See generally* Compl.).

The third and fourth Defendants, EQT Infrastructure Corporation ("EQT Corporation") and EQT Infrastructure V ("EQT V", or together, the "EQT Defendants"), are each identified as a "foreign juridical entity domiciled in the State of Delaware." (Compl. ¶¶ 6–7). This barebones assertion also fails to satisfy section 1332. First, to the extent the EQT Defendants are artificial business entities within the United States, the sole reference to "domicile" is insufficient to establish their citizenships — regardless of what type of entity they are — as already explained above.

Second, to the extent Plaintiffs seek to describe the EQT Defendants as artificial business entities based outside the United States, this allegation is also insufficient. If either of the EQT Defendants is the equivalent of a corporation under foreign law — such as EQT

Corporation — then they are citizens of both the country "where [they] [are] chartered and of the state where [they] [have] [their] principal place of business." *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (alterations added; footnote call number omitted). Plaintiffs' allegations do not provide this information.

In the alternative, if the EQT Defendants are otherwise unincorporated entities, "it has long been 'the tradition of the common law to treat as legal persons only incorporated groups and to assimilate all others to partnerships,' which must plead the citizenship of each member." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010) (alterations adopted; quoting *Puerto Rico v. Russell & Co.*, 288 U.S. 476, 480 (1933)). Defendants must therefore "identify the members of all foreign Defendants that are not the functional equivalent of a corporation under the laws that created them." *Bradshaw Constr. Corp. v. Underwriters at Lloyd's, London*, No. 15-24382-Civ, 2016 WL 8739603, at *6 (S.D. Fla. Jan. 8, 2016). Again, Plaintiffs have not done so here. (*See generally* Compl.).

Admittedly, the diversity requirements of section 1332(d) are not onerous; Plaintiffs need only identify one Plaintiff who is diverse from one Defendant. *See* 28 U.S.C. § 1332(d)(2). But without knowing the citizenship of even a single Defendant, the Court cannot determine that section 1332 has been satisfied. For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiffs have until **March 10, 2023** to submit an amended complaint correcting the foregoing deficiencies, failing which the case will be dismissed without prejudice.

CASE NO. 23-20861-CIV-ALTONAGA/Damian

**DONE AND ORDERED** in Miami, Florida, this 7th day of March, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record